**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [SEALED],<br><br>Plaintiff,<br><br>– Against –<br><br>[SEALED],<br><br>Defendant. | Civil Action No _____<br><br>FALSE CLAIMS ACT COMPLAINT<br><br>**[FILED UNDER SEAL]** |

**FILED IN CAMERA AND UNDER SEAL UNDER**
**31 U.S.C. § 3730(b)(2)**
**DO NOT POST ON ECF**
**DO NOT PUT IN PRESS BOX**

Royston H. Delaney, Esq. (BBO655666)
Rory Delaney, Esq., LLC
28 State Street, Suite 802
Boston, Massachusetts 02109
(857) 498-0384
rory@rorydelaney.com

Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, #601
Coraopolis, PA 15108
(412) 436-3443

*Counsel for Plaintiff Relator*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Zachary HOLTZMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>HARTE HANKS, INC.,<br><br>Defendant. | Civil Action No _____<br><br>FALSE CLAIMS ACT COMPLAINT<br><br>**[FILED UNDER SEAL]** |

*Qui tam* plaintiff and Relator Zachary Holtzman, through his undersigned attorney, hereby brings this action on behalf of the United States of America, against Harte Hanks, Inc. ("Harte Hanks" or the "Company").

The claims asserted in this Complaint are based on Defendant submitting, or causing to be submitted, a materially false application for a Paycheck Protection Program ("PPP") loan and related forgiveness for a "small" company employing 500 persons. Defendant's applications included materially false statements or material omissions about the size and financial strength of Harte Hanks and the number of Company employees. In reality, Harte Hank employed over 2,400 people and had revenues of between $176.9 million and $194.6 million.

The subject PPP loan application was approved on or about April 14, 2020 in the amount of $10,000,000. This loan was forgiven in the amount of $10,114,247 that would

1

not otherwise have been paid but for the false claims described herein. The claims are based on the facts and information set forth below.

# TABLE OF CONTENTS

**NATURE OF THE CLAIM** ............................................................................................... 2

**PARTIES** ............................................................................................................................ 2

    A.  Relator – Zachary Holtzman ............................................................................ 2

    B.  Defendant Harte Hanks, Inc. ........................................................................... 2

**JURISDICTION AND VENUE** ..................................................................................... 3

**FACTS** ................................................................................................................................ 3

  I.  Governing Law ....................................................................................................... 3

    A.  The Federal False Claims Act .......................................................................... 3

    B.  The Paycheck Protection Program .................................................................. 4

  II.  Violations of the False Claims Act ........................................................................ 7

    A.  PPP Loan Application ....................................................................................... 7

**CAUSES OF ACTION** ..................................................................................................... 9

## NATURE OF THE CLAIM

1. Relator sues Defendant to recover treble damages and civil penalties on behalf of the United States of America for Defendant's false applications for a PPP loan and forgiveness which information was submitted in whole or in part to the Small Business Administration ("SBA") by and through Texas Capital Bank.

2. Defendant knew the PPP loan and forgiveness applications did not meet the established criteria set by the SBA to obtain the PPP loan or forgiveness funds.

3. Defendant engaged in the submission of false claims to the United States in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA").

## PARTIES

### A. Relator – Zachary Holtzman

4. Mr. Holtzman is an individual resident and domiciliary of the Commonwealth of Pennsylvania.

### B. Defendant Harte Hanks, Inc.

5. Defendant Harte Hanks, Inc. is a corporation organized under the laws of the State of Delaware with a principal administrative office location at 2800 Wells Branch Parkway, Austin, Texas 78728 and two offices in Massachusetts including in Chelmsford and East Bridgewater.

6. In connection with its PPP loan applications, Harte Hanks used it Chelmsford, Massachusetts address.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345 because this action involves a federal question and the United States is plaintiff. This Court also has subject matter jurisdiction under 31 U.S.C. § 3732(a).

8. The Court may exercise personal jurisdiction over Defendant under 31 U.S.C. § 3732(a). The Court has personal jurisdiction over Defendant because it transacts business within this District.

9. Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) & (c) because Defendant transacts business or can be found within this District and a substantial part of the events establishing the alleged claims arose in this District.

10. Under 31 U.S.C. § 3730(b)(2), this Complaint was filed in camera and under seal and shall not be served on Defendant until the Court so orders.

## FACTS

### I. Governing Law

#### A. The Federal False Claims Act

11. The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval," "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," or conspires to do so. 31 U.S.C. § 3729(a)(1).

12. As of the date of filing, any person found to have violated these provisions is liable for a civil penalty of not less than $13,946 and not more than $27,894 for each such violation, plus three times the damage sustained by the Government.

13. The FCA imposes liability where conduct is "in reckless disregard of the truth or falsity of the information" and clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b).

14. The FCA also broadly defines a "claim" to include "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that - ... is made to a contractor, grantee, or other recipient if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest ... " 31 U.S.C. § 3729(b)(2)(A).

15. The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to sue on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any defendant. The complaint remains under seal while the Government conducts an investigation of the allegations and determines whether to intervene. 31 U.S.C. §3730(b).

**B.   The Paycheck Protection Program**

16. The Paycheck Protection Program ("PPP") is the United States Government business loan program established in 2020 through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help certain businesses, self-employed workers,

sole proprietors, certain nonprofit organizations, veterans' organizations, and tribal businesses to continue paying their workers. The program is implemented by the U.S. Small Business Administration ("SBA").

17. The PPP allowed qualified entities to apply for low-interest private loans to pay for their payroll and certain other operating costs. Under the PPP, the allowable amount of a PPP loan was calculated based on the borrowing entity's average monthly payroll costs multiplied by 2.5.[1]

18. The PPP loan had to be used to cover payroll costs, rent, interest, and utilities.

19. The loan may be partially or fully forgiven if the business keeps its employee counts and employee wages stable.

20. The deadline for entities to apply for a PPP loan was initially June 30, 2020, which was later extended to August 8, 2020.

21. The PPP was reopened on January 11, 2021. The Program ended on May 31, 2021.[2]

---

[1] *See* How to Calculate Maximum Loan Amounts – by Business Type, U.S. Small Business Administration, (Jun. 26, 2020) https://www.sba.gov/sites/default/files/2020-06/How-to-Calculate-Loan-Amounts-508_1.pdf (last visited September 7, 2022).

[2] *See* Paycheck Protection Program, U.S. SMALL BUSINESS ADMINISTRATION, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program (last visited Dec. 9, 2021).

22. The PPP was added under Section 1102 of the CARES Act by amending Section 7(a) of the Small Business Act, 15 U.S.C. § 636(a) *et seq.*, which temporarily permitted the SBA to guarantee 100 percent of the PPP loans.

23. Section 1106 of the CARES Act, which also amended Section 7(a), further provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP, as well as any accrued interest.

24. The PPP loan program was designed and intended to benefit small businesses.

25. For the purposes of first round PPP loans, the relevant statutes and regulations defined small businesses as those entities with 500 or fewer employees.

26. SBA's existing rules apply to the PPP loan program's definition of small businesses. In other words, all employees of the entities under the same ownership or control "count" towards the 500-employee limit.

27. 13 C.F.R. 121.106 (a) sets out how the SBA calculates the number of employees, in pertinent part, as follows:

> (a) In determining a concern's number of employees, SBA counts all individuals employed on a full-time, parttime, or other basis. This includes employees obtained from a temporary employee agency, professional employer organization or leasing concern. SBA will consider the totality of the circumstances, including criteria used by the IRS for Federal income tax purposes, in determining whether individuals are employees of a concern.

28.     The SBA repeatedly clarified that the affiliation rules at 13 C.F.R. § 121.301(f) applied to PPP loans and that for the purposes of counting employees, all foreign and domestic affiliated employees **must** be counted.

29.     The SBA often specifically warned potential borrowers that civil and criminal liability could attach to false applications. *See e.g.,* 85 Fed. Reg. 20811 at 20814 (April 15, 2020).

## II.    **Violations of the False Claims Act**

30.     Defendant violated the False Claims Act by submitting materially false applications and supporting materials in connection with an application for a PPP loan and then forgiveness of that loan.

### A.    **PPP Loan Application**

31.     The subject application for a PPP loan was approved on or about April 14, 2020.

32.     In the application, Defendant falsely represented that it employed only 500 persons and otherwise qualified for PPP loan funds.

33.     For example, Harte Hanks certified that "the economic uncertainty caused by the COVID-19 pandemic, at the time of the application, made the PPP Term Note request necessary to support our ongoing operations."

34.     Harte Hank's PPP loan and forgiveness applications are false because they make, at a minimum, the below false statements:

a. The number of jobs reported do not account for the SBA's affiliation or employee counting rules and thereby meaningfully and falsely underreport the number of jobs or employees at issue;

b. The applications falsely attest that Harte Hanks lacks access to other sources of liquidity; and

c. Upon information and belief, the applications falsely attest to compliance with the PPP program and entitlement to the PPP loan and forgiveness funds.

35. In reality, in every year between 2019 and 2021, Harte Hank had over 2,000 employees making each of the PPP-related applications false insofar as each reported a smaller number of employees.

36. As a result, Harte Hank did not qualify to receive PPP loan funds nor forgiveness of any PPP loan and each of the applications Harte Hanks submitted to the program are false at least insofar as each reported or attested to compliance with the PPP loan and forgiveness program rules, regulations, and laws.

37. Nevertheless, Defendant received a PPP loan in the amount of $10,000,000 and forgiveness in the amount of $10,114,247.

## **CAUSES OF ACTION**

### **COUNT I**
### **Violations of the False Claims Act: Presenting or Causing a False Claim**
### **(31 U.S.C. § 3729(a)(1)(A))**

38.     The foregoing allegations are repeated and realleged as if fully set forth herein.

39.     The False Claims Act, 31 U.S.C. § 3729(a)(1)(A), imposes liability upon those who knowingly present or cause to be presented false claims for payment or approval.

40.     Defendant knowingly and willfully violated the False Claims Act by presenting, or causing to be presented, false claims for payment or approval.

41.     Defendant knowingly and willfully violated the False Claims Act by presenting, or causing to be presented, false claims for payment or approval.

42.     Specifically, and as alleged in more detail above, Defendant presented, or caused to be presented, materially false applications for PPP loan funds and then for forgiveness of the resulting loan.

43.     Defendant certified compliance with applicable PPP laws, rules, and regulations despite not being compliant.

44.     Defendant similarly certified the existence of facts which were not true.

45.     Defendant knew or should have known (as defined in 31 U.S.C. § 3801(a)(5)) that the facts and certifications to which they attested were not true and that they made, presented, or submitted, or caused to be made, false or fraudulent claims for payment to the government.

46. Each of the applications submitted or caused to be submitted by Defendant is a separate false and fraudulent claim.

47. Defendant presented or caused to be presented these claims knowing their falsity, or in deliberate ignorance or reckless disregard that such claims were false.

48. The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent claims, authorized payments to be made to or on behalf of Defendant, made such payments, and has been damaged.

49. Because of these false or fraudulent claims submitted or caused to be submitted by Defendant, the United States has been damaged in an amount to be determined at trial.

## COUNT II
## Violations of the False Claims Act: Making, Using, or Causing to be Used a False Record or Statement
## (31 U.S.C. § 3729(a)(1)(B))

50. The foregoing allegations are repeated and realleged as if fully set forth herein.

51. The False Claims Act, 31 U.S.C. § 3729(a)(1)(B), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to a false or fraudulent claim.

52.     Defendant knowingly and willfully violated the False Claims Act by making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

53.     Specifically, for purposes of obtaining or aiding to obtain a PPP loan and then forgiveness of that loan, Defendant made or presented, or caused to be made or presented, to the United States false or fraudulent applications and/or records, knowing these materials to be false or fraudulent, or acting with reckless disregard or deliberate ignorance thereof.

54.     Each application or record submitted to the Government in support of Defendant's above-described false claims is a separate false record or statement and separate violation of 31 U.S.C. § 3729(a)(1)(B).

55.     The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent applications and/or records, authorized payments to be made to or on behalf of Defendant, made such payments, and has been damaged.

56.     Because of these false or fraudulent statements submitted or caused to be submitted by Defendant, the United States paid the claims, resulting in damages to the United States in an amount to be determined at trial.

## COUNT III
## Violations of the False Claims Act: Obligation to Repay
## (31 U.S.C. § 3729(a)(1)(G))

57. The foregoing allegations are repeated and realleged as if fully set forth herein.

58. The False Claims Act, 31 U.S.C. § 3729(a)(1)(G), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

59. Upon receipt of improperly obtained PPP loan forgiveness funds, Defendant had an obligation to repay and refund to the Government the amounts paid by the government.

60. Defendant knowingly and willfully violated the False Claims Act by failing to so repay or refund the monies received.

61. The United States was unaware of the foregoing circumstances and conduct of Defendant.

62. Had the government been aware of Defendant's knowing false certifications and knowing failure to return overpayments it would have taken steps to recover them.

63. The United States has been damaged as a result in an amount to be determined at trial.

**WHEREFORE, Relator, on behalf of himself as well as the United States requests the following relief:**

a. A judgment against Defendant in an amount equal to all damages due to the Government, including treble damages, under the FCA;

b. A judgment against Defendant for all civil penalties due to the Government for Defendant's violations of the FCA;

c. That Relator recover from Defendant, all costs of this action, with interest, including the cost to the Government for its expenses related to this action;

d. That Relator be awarded all reasonable attorneys' fees in bringing this action;

e. That Relator be awarded the maximum amount of the proceeds of this action as allowed under 31 U.S.C. § 3730, and/or any other applicable provision of law;

f. That a trial by jury be held on all issues so triable;

g. An award of pre- and post-judgment interest; and

h. Such other and further relief to Relator and/or the United States of America as this Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Under Rule 38 of the Federal Rules of Civil Procedure, Relator hereby requests a trial by jury.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: June 6, 2024 | *signature* |
| | Royston H. Delaney, Esq. (BBO655666) |
| | Rory Delaney, Esq., LLC |
| | 28 State Street, Suite 802 |
| | Boston, Massachusetts 02109 |
| | (857) 498-0384 |
| | rory@rorydelaney.com |

*-and, under pro hac vice to be filed,*

Dart M. Newman (ID: 209448)
Law Offices of Darth Newman, LLC
1140 Thorn Run Rd, #601
Corapolis, PA 151108
412-436-3443
darth@dmnewmanlaw.com

*Attorneys for the Plaintiff Relator*

14